IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ALICE MAE GOULD, | ) | 8:14CV258 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| OMAHA PUBLIC SCHOOLS, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Alice Gould ("Plaintiff") filed her Complaint in this matter on September 2, 2014. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff filed her Complaint against Omaha Public Schools ("OPS"). She was an employee of OPS for 37 years. She alleged school officials discriminated against her on the basis of age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634; and the Nebraska Age Discrimination in Employment Act ("NADEA"), Neb. Rev. Stat. §§ 48-1001-1010. She also alleged school officials discriminated against her on the basis of sex and race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17; and the Nebraska Fair Employment Practice Act ("NFEPA"), Neb. Rev. Stat. §§ 48-1101-1126.

Plaintiff attached the charge of discrimination she filed with the Nebraska Equal Opportunity Commission ("NEOC") to her Complaint. (Filing No. 1 at CM/ECF p. 10.) In assessing Plaintiff's Complaint, the court will consider the allegations raised

in Plaintiff's NEOC charge of discrimination, as well as those raised in the Complaint. See Coleman v. Correct Care Solutions, 559 Fed. App'x. 601, 602 (8th Cir. 2014).

Plaintiff, a black female, was a teacher at OPS. On August 14, 2013, she "was assigned more behavioral students" than two other teachers. Plaintiff was assigned 10 "behavioral students," while "Faith Johnson (bi-racial, 20's, female) and Ivan Halpin (white, 20's male)" were each assigned one. (Filing No. 1 at CM/ECF p. 10.)

On January 6, 2014, Principal Christina Windsor, a black female in her 50's, "noted that [Plaintiff] fabricated [her] students' reading scores." (*Id.*) Thereafter, Windsor and Lynn Wray, a reading teacher, "tested 4 of [Plaintiff's] students on their reading and questioned them about information on [Plaintiff's] reading record." (*Id.*) Plaintiff alleged no students from other classes were tested "even though Windsor indicated 5 other teachers had issues with their reading assessment records." (*Id.*)

On January 13, 2014, Windsor reported Plaintiff to human resources. On March 14, 2014, Plaintiff was notified that her employment would be terminated at the end of the school year. (*Id.* at CM/ECF p. 11.) Plaintiff alleged her termination was done in retaliation for a charge of discrimination she filed against OPS in 2013. (*Id.*; see previous charge of discrimination at Filing No. 1 at CM/ECF pp. 7-8.)

As relief, Plaintiff seeks declaratory relief as well as money damages for lost pay, benefits, retirement, and other compensatory damages for humiliation and emotional distress. (*Id.* at CM/ECF p. 6.) The right-to-sue notice attached to Plaintiff's Complaint reflects that she filed suit in this court within 90 days of her receipt of the right-to-sue notice from the United States Equal Employment Opportunity Commission. See 42 U.S.C. § 2000e-5(f)(1) (a charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on a charge of discrimination).

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

Plaintiff has asserted claims for age, race, and sex discrimination. The court has considered Plaintiff's discrimination claims under two potential theories: disparate treatment and retaliation. As discussed below, Plaintiff's Complaint does not state a claim for relief under either theory.

A plaintiff need not plead facts sufficient to establish a prima facie case of employment discrimination in his complaint. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-512 (2002) (holding a complaint in employment discrimination lawsuit

need not contain "facts establishing a prima facie case," but must contain sufficient facts to state a claim to relief that is plausible on its face), *abrogated in part on other grounds by* Twombly, 550 U.S. at 570. However, the elements of a prima facie case are relevant to a plausibility determination. *See* Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 54 (1st Cir. 2013) (stating elements of a prima facie case are "part of the background against which a plausibility determination should be made" and "may be used as a prism to shed light upon the plausibility of the claim"); *see also* Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) ("While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim.").

**A.    Age Discrimination**

Plaintiff asserts claims under the ADEA and the NADEA. The ADEA protects individuals over 40 and prohibits an employer from failing or refusing to hire, discharging, or otherwise discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age. 29 U.S.C. § 623(a); Anderson v. Durham D & M, L.L.C., 606 F.3d 513, 523 (8th Cir. 2010). The NADEA offers similar protection. *See* Neb. Rev. Stat. § 48-1004(1)(a). The NADEA is interpreted in conformity with the ADEA, and the court will apply the same analysis to both claims. *See* Billingsley v. BFM Liquor Mgmt., Inc., 645 N.W.2d 791, 801-02 (Neb. 2002). The court looks to the elements of a prima facie case of discrimination in assessing whether Plaintiff has pled enough facts to make entitlement to relief plausible.

**i.    Disparate Treatment**

To set forth a prima facie claim of age discrimination, a plaintiff must establish that (1) she is over 40; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) similarly-situated employees outside the class

were treated more favorably. *Anderson*, 606 F.3d at 523. "The hallmark of an ADEA disparate-treatment claim is intentional discrimination against the plaintiff on account of the plaintiff's age." *Rothmeier v. Inv. Advisers, Inc.*, 85 F.3d 1328, 1331 (8th Cir. 1996). This requires proof that age was the "but-for" cause of the employer's adverse decision. *Gross v. FBL Fin. Servs. Inc.*, 557 U.S. 167, 176-78 (2009).

Here, Plaintiff has alleged she is over 40. In addition, the court can reasonably infer she was qualified for her position because she alleged she was employed by Defendant for 37 years. (*See* Filing No. 1 at CM/ECF p. 3.) The court interprets Plaintiff's allegations to suggest there were two actions against Plaintiff she considered adverse. The first was her being "assigned more behavioral students than other teachers." (Filing No. 1 at CM/ECF p. 10.) The second was her termination from employment.

Being assigned "more behavioral students than other teachers" is probably not an adverse employment action where there are no facts suggesting it caused Plaintiff to suffer a material employment disadvantage or a tangible change in her working conditions. *See Thomas v. Corwin*, 483 F.3d 516, 528-29 (8th Cir. 2007); *Wedow v. City of Kan. City, Mo.*, 442 F.3d 661, 671 (8th Cir. 2006). Even if being assigned "more behavioral students than other teachers" were an adverse employment action, the court cannot reasonably infer from the facts alleged that Plaintiff's age was a cause of the student assignment.

Plaintiff's termination from her employment is an adverse employment action. However, the court cannot infer Plaintiff's age was a cause of her termination. Plaintiff alleged in her Complaint she was terminated due to allegations that she fabricated her students' reading scores. There are no additional facts to suggest the termination was because of Plaintiff's age. Thus, the court finds Plaintiff has failed to state a disparate treatment claim upon which relief can be granted.

### ii.   Retaliation

The ADEA makes it unlawful for an employer to discriminate against an employee because she has opposed any practice made unlawful by the ADEA, or because the employee has participated in any manner of an investigation, proceeding, or litigation.  29 U.S.C. § 623(d).  To state a claim for retaliation, Plaintiff must allege facts showing that (1) she engaged in ADEA-protected activity; (2) her employer took an adverse employment action against her; and (3) there is a causal connection between the two events. *Lors v.s Dean*, 746 F.3d 857, 865, 867 (8th Cir. 2014).

Approximately one year prior to Plaintiff's termination, Plaintiff filed a charge of discrimination against the school alleging age, race, and sex discrimination.  (*See* Filing No. 1 at CM/ECF pp. 7-8.)  This charge of discrimination is ADEA-protected activity.  In addition, Plaintiff's termination is an obvious adverse employment action.  However, the court cannot infer a causal connection between the charge of discrimination and Plaintiff's termination.  Plaintiff set forth in her Complaint that she was terminated due to allegations that she fabricated her students' reading scores.  Plaintiff does not allege these allegations were unfounded or fabricated.  The only allegation Plaintiff makes tying her termination to her previously filed charge of discrimination is as follows: "I am being retaliated against for filing prior complaints as Wray was identified in one of my prior complaints."  (Filing No. 1 at CM/ECF p. 10.)  According to Plaintiff, Wray is a teacher who, along with the school principal, tested four of Plaintiff's students to determine whether Plaintiff had fabricated reading scores.  (*Id.*)  Plaintiff does not allege that Wray—a reading teacher—had anything to do with the decision to terminate Plaintiff's employment.  Thus, based on the facts alleged, Plaintiff has failed to state a retaliation claim.

### B.   Title VII

Plaintiff also brings claims under Title VII and NFEPA. Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or

6

otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e2(a)(1). The same analysis governs Plaintiff's claims under Title VII and the NFEPA. *See Leiting v. Goodyear Tire & Rubber Co.*, 117 F.Supp.2d 950, 955 (D. Neb. 2000); *Father Flanagan's Boys' Home v. Agnew*, 590 N.W.2d 688, 693 (Neb. 1999). Plaintiff alleged discrimination on the basis of race and sex.

### i.     Disparate Treatment

To state a prima facie claim of discrimination, a plaintiff must allege facts showing that (1) she is a member of a protected class; (2) she met her employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination. *Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1019 (8th Cir. 2011). "The required prima facie showing is a flexible evidentiary standard, and a plaintiff can satisfy the fourth part of the prima facie case in a variety of ways, such as by showing more-favorable treatment of similarly-situated employees who are not in the protected class, or biased comments by a decisionmaker." *Id.* (internal quotations and citations omitted).

Here, Plaintiff has alleged she is a member of a protected class and she suffered an adverse employment action (i.e., termination from employment). However, the court cannot infer Plaintiff was meeting her employer's legitimate expectations or that circumstances exist that give rise to an inference of discrimination. Plaintiff offered a blanket assertion that her "performance [was] satisfactory," but also alleged she was terminated because she was suspected of fabricating her students' reading scores. Plaintiff did not set forth in her complaint or charge of discrimination that the suspicion was unfounded. Moreover, Plaintiff did not allege facts suggesting someone outside of her protected class was treated more favorably and was similarly situated. Accordingly, Plaintiff has failed to state a discrimination claim upon which relief may be granted.

### ii. Retaliation

Title VII also prohibits retaliation against an employee "because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a).

For the reasons set forth above in the court's discussion of Plaintiff's retaliation claims under ADEA, Plaintiff has not stated a retaliation claim under Title VII. In short, the court cannot infer based on the facts as they are alleged that there was a causal connection between the charge of discrimination and Plaintiff's termination.

IT IS THEREFORE ORDERED that:

1. On the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently alleges an employment discrimination claim upon which relief may be granted. Failure to file an amended complaint in accordance with this Memorandum and Order will result in dismissal of this action without prejudice and without further notice.

2. The clerk's office is directed to set a pro se case management deadline in this case using the following text: January 9, 2015: Check for amended complaint.

DATED this 8th day of December, 2014.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.